# GROSECLOSE

*v.*

# HARMAN.

*(Supreme Court of Appeals of Virginia, June, 1885.)*

[Virginia Law Journal, 1885, p. 542.]

**Chancery Practice—Pleadings—Allegation of Assignment.**

When bill alleges assignment of judgment sued on to plaintiff, and it is not controverted in pleadings or otherwise, it must be taken as admitted.

**Same—Same—Case at Bar.**

G., judgment debtor, is tenant by curtesy in 250 acres of land, subject to widow's dower; in suit by junior judgment creditor, 91½ acres are set aside for dower and interest of G. in residue sold and purchased by H.; pending subsequent suit by senior judgment creditor to sell same land, widow dies and G.'s interest in the 91½ acres vests; and, without amendment of pleadings, is first sold in exoneration of H.'s land: *held*:

**Same—Same—Same.**

1. Not error for which decree will be reversed. The court could not look to proceedings in first suit, referred to in second suit, to ascertain what land had been sold therein.

**Same—Decrees by Default—Correction of Errors—Statute of Limitations.**

2. The statute (sec. 5, ch. 177, Code 1873) gives party, against whom judgment or decree is rendered by default, five years in which to ask correction of errors, etc. If after lapse of that time case is reinstated by another party for other purposes, it is not competent for defendant to complain of such errors.

Appeal from circuit court of Bland county.

The opinion states the case.

——— *Caldwell*, for appellant.

*Blair & Pierce*, for appellee.

LEWIS, P., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Bland county. The bill was filed to subject the real estate of the defendant, Groseclose, who is the appellant here, to the satisfaction of a certain judgment of which the plaintiff is assignee. It appears that at the June rules, 1872, a suit was instituted against the same defendant by one J. A. Bennett, suing for the benefit of himself and all other judgment creditors of the defendant who might choose to come in and contribute to the costs of the suit, and that under decrees in that suit the land was sold, and the cause afterwards removed from the docket. The defendant was tenant by the curtesy in a tract of 250 acres of land situate in the county of Bland, acquired by his wife under the will of her father, and subject to the widow's dower. In the progress of the Bennett suit 91½ acres of the land were assigned the widow as dower, and the interest of the defendant in the residue, or 158½ acres, was sold to the appellee, Harman, who duly complied with the terms of the sale.

The bill in the present suit was filed at the October rules, 1879, to subject to the payment of the plaintiff's judgment the same land which in the Bennett suit had been sold to Harman, and to the bill the latter was made a party defendant. During the progress of the suit the widow died, and thereupon the interest of the defendant, Groseclose, became vested in the 91½ acres which in her lifetime had been assigned her as dower. This fact was not brought to the attention of the court by an amendment of the pleadings, but was nevertheless relied on by the purchaser, Harman, who insisted that the interest to which the judgment debtor had thus become entitled should be first subjected in exoneration

of the land which had previously been purchased by him. The circuit court sustained this view by the decree complained of.

The Bennett suit, it seems, was stricken from the docket at the May term, 1876 ; but in 1882, and after the widow's death, it was reinstated on the docket at the instance of Harman, who claimed to be entitled, upon her death, to the dower land, by virtue of his purchase of the defendant's curtesy. This claim the court overruled, but the record in that suit was considered in connection with this.

In the petition for appeal various errors are assigned, of which the first is that the plaintiff was not entitled to a decree, inasmuch as there is no proof of the assignment of the judgment to him for the satisfaction of which the suit was brought. But this objection cannot avail, since the assignment is distinctly alleged in the bill, and is not controverted in the pleadings or otherwise. The allegation must therefore be taken as admitted.

The next error assigned is that the bill having been filed to subject the land which Harman had purchased in the Bennett suit, and there having been no subsequent amendment of the pleadings, neither the prayer of the bill nor the power of the court extended beyond the land described in the bill. Undoubtedly, it would have been more regular to have amended the pleadings so as to have embraced the land decreed to be sold ; but we do not think, under the circumstances of this case, that the failure to do so is ground for a reversal of the decree. We think that for the purpose of ascertaining what land had been sold in the Bennett suit, it was proper to look to the record in that case, to which the pleadings in the suit refer. And it appearing from that record that the 158½ acres had been sold, it was the right of the purchaser to demand that the interest of the judgment debtor which had not been aliened should be first subjected to the satisfaction of the plaintiff's debt. This the court directed

to be done, under the prayer of the bill for general relief, and of this the appellant has no right to complain. Nor is there anything in the record of the Bennett suit which supports the contention that the land sold therein was purchased by Harman under an agreement, express or implied, to discharge, as part of the consideration for his purchase, the lien asserted in the present suit. On the contrary, the land was sold without condition, but subject to that recorded lien, and continued subject thereto, inasmuch as the plaintiff in the present suit was not before the court, and the proceeds of sale were applied to the payment of junior liens. The price for which the land was sold may have been inadequate, but the sale was nevertheless confirmed without exception being taken by any one.

Errors are also assigned in the proceedings in the Bennett suit, the first being that the judgment of the plaintiff was only for $15.07, and that therefore the cause was not within the jurisdiction of the county court, in which it was originally brought, or of the circuit court, to which it was subsequently removed. This objection, however, is not well taken. By mistake, it would seem, a copy of a judgment for interest obtained under the provisions of the stay law, then in force, and for the sum of $15.07, was filed as an exhibit with the bill; but the judgment sought to be enforced was in fact $45.00, as alleged in the bill and shown by the report of liens which was made in the case. The court, then, had jurisdiction of the case; and this being so, it is needless to consider the remaining objections which are urged to the regularity of the proceedings in that suit. For while those proceedings could be looked to for the purpose aforesaid, the case was not upon the docket for the correction of errors or irregularities. The statute gives a party against whom a judgment or decree is rendered by default, five years within which to come in and ask the correction of any error for which the judgment or decree may be reversed by an appel-

late court. Code 1873, ch. 177, sec. 5. But the case is not within the provisions of the statute. The defendant, it is true, did not appear in the suit, but the case was stricken from the docket more than six years before the application to reinstate it was made. And then the application was made, not by the defendant, who as the appellant here is now complaining of alleged errors therein, but by Harman, the purchaser. It is clear, therefore, that the case is not now before us for correction of errors, if any there be, and that we have no authority to review it for that purpose.

This conclusion renders it unnecessary to determine the question of jurisdiction raised by the appellees in the present case, as for the reasons already stated the decree must be affirmed.

Decree affirmed.